IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HAROLD STAMPS                                                              PLAINTIFF

v.                              CIVIL NO. 09-5140

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                             DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Harold Stamps, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**I.    Procedural Background:**

The applications for DIB and SSI presently before this court were filed on February 14, 2007 and February 22, 2007, respectively. (Tr. 102-106). Both applications allege an inability to work since October 31, 2006, due to low back pain, headaches, shortness of breath, sleeplessness, fatigue, asthma, allergies and left elbow pain and swelling. (Tr. 133). Plaintiff's applications were denied initially and on reconsideration. (Tr. 74-80, 82-85). Pursuant to Plaintiff's request, a hearing de novo before an administrative law judge (ALJ) was held on July

1, 2008, at which Plaintiff and a vocational expert (VE) appeared and testified. (Tr. 24-58).

By written decision dated November 24, 2008, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe, namely, obesity and back pain. (Tr. 68). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix I.  (Tr. 69).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work, with certain limitations.  Specifically, the ALJ found Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; push/or pull within those same limitations; sit, stand, or walk for six hours out of an eight hour day; occasionally climb ladders and scaffolds and can occasionally crawl. (Tr. 69).  The ALJ further found that Plaintiff could frequently climb stairs and ramps, balance, stoop, crouch, and kneel.  With the help of vocational expert testimony, the ALJ found Plaintiff could perform other work as a bar attendant, an assembler in production and as a cashier.  (Tr. 73).

Plaintiff's request for review was made on December 9, 2008.  (Tr. 6).  The Appeals Council denied Plaintiff's request for review on June 26, 2009. (Tr. 1-3). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. 1).  Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. 7, 8).

**II.    Evidence Presented:**

Plaintiff was born in 1970. (Tr. 26). At the hearing before the ALJ, Plaintiff testified that he was 5'6" and weighed 330 pounds and that he had gained 50-60 pounds since he quit

working. (Tr. 29-30). The Plaintiff testified that he had a ninth grade education and had no problems with reading, writing and simple mathematics. (Tr. 30). Plaintiff also testified that he was attending school in the evenings and "working actively" on obtaining his general equivalency diploma, but that he was having problems with algebra. Plaintiff testified that he was allowed to stand or change positions because of pain during his tutoring sessions. (Tr. 31). Plaintiff stated that his tutoring sessions last from one to two hours per session for four evenings per week. (Tr. 31). Plaintiff testified that he used to smoke two packs of cigarettes per day and now smokes a half a pack per day because they were making him sick. (Tr. 29). Plaintiff testified that he was not currently taking any medications, as he did not have the money to refill his prescriptions. (Tr. 42, 50). The Plaintiff also testified that he had been working eight hours a day for the City of Fayetteville since April of 2008. (Tr. 40). The record reflects Plaintiff's past relevant work consisted of work as a cabinet assembler, a rough carpenter and a poultry eviscerator. (Tr. 72).

The medical evidence prior to the relevant time period shows Plaintiff was admitted to Washington Regional Medical Center emergency room on July 15, 2005, with left side facial numbness. (Tr. 207-210). The Plaintiff was diagnosed with Bells Palsy. It was noted that the Plaintiff could not close his left eye entirely or furrow his left forehead. Plaintiff was prescribed Amoxicillin, Prednisone and Acyclovir. The hospital also noted that Plaintiff smoked one pack of cigarettes per day for twenty years and had a history of cannabis use. It was also noted that the Plaintiff drank alcohol daily and "gets plastered" on the weekends for the past seventeen years. It was noted that the Plaintiff could ambulate without assistance.

The medical evidence during the relevant time period reflected the following. Plaintiff

was seen by Dr. Randy Conover on April 5, 2007, and was diagnosed with back pain of an unknown etiology, obesity, headaches, a history of insomnia, a history of hepatitis C, a history of asthma, allergic rhinitis and benign prostatic hyperplasia[1]. (Tr. 172-178). Dr. Conover also found that Plaintiff had normal range of motion in his cervical and lumbar spine, as well as normal range of motion in his extremities. (Tr. 175). He found that there was no muscle weakness or atrophy and that Plaintiff's gait and coordination were stable. (Tr. 176). He further found that Plaintiff could hold a pen and write, touch his fingertips to his palm, had 95% grip, could oppose his thumb to fingers, pick up a coin, stand and walk without assistive devices, walk on his heels and toes, and squat and arise from a squatting position. (Tr. 176). He observed that Plaintiff could lift, handle, finger, see, hear and speak, with mild limitations on his ability to walk, sit, stand and carry. (Tr. 178). With respect to Plaintiff's left elbow impairment, an x-ray revealed no decrease in joint space, a mild increase in subchondral sclerosis and no osteophytes, and x-ray of the lumbar also revealed Plaintiff had a mild decrease in the joint space at the L5-S1 vertebrae. Dr. Conover noted that Plaintiff smoked one pack per day and had a ten year pack per day history. (Tr. 173).

In October of 2007, Plaintiff was seen by Dr. Byron Garibaldi, an emergency room physician at Northwest Medical Center. (Tr. 193-195). Dr. Garibaldi noted that Plaintiff hurt his back while lifting furniture. Plaintiff was diagnosed with acute myofascial strain and plantar fasciitis and was prescribed Naproxen, Flexeril and Lortab. Dr. Garibaldi also noted that the patient was morbidly obese and had a history of right foot pain and Hepatitis C.

---

[1]Benign enlargement of the prostate.

On December 8, 2007, Plaintiff was admitted to the Washington Regional Hospital emergency room for back and foot pain. (Tr. 197-206). Dr. Rayette Eaton-Willmoth noted that Plaintiff had injured his lower back by lifting cabinets a few days prior. Plaintiff was diagnosed with plantar fasciitis, muscle pain, low back pain, muscle spasms and muscle strain. The doctor also noted that Plaintiff had a full range of motion and could ambulate without assistance. Plaintiff was prescribed Prednisone and drove himself home from the hospital. It was noted that Plaintiff smoked a half a pack of cigarettes per day for twelve years.

In January of 2008, Northwest Arkansas Free Clinic noted Plaintiff had lower back pain for one to two years. (Tr. 211). Plaintiff reported he had been lifting cabinets at work. Plaintiff was diagnosed with chronic low back pain and obesity. It was also noted that Plaintiff was a smoker and had a history of plantar fasciitis. Lexapro was prescribed to Plaintiff "for nerves." It was noted that Plaintiff smoked eight cigarettes a day and drank three alcoholic drinks per week.

### III. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. Id. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." Id. As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome,

or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." Cox, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § § 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920.

IV.	**Discussion:**

    A.	**Credibility Assessment:**

In disability determinations, credibility assessments are the province of the ALJ. Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992). This Court will not substitute its judgment for that of the trier of fact, Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996), nor will we disturb the decision of any ALJ who seriously considers, but for good reason explicitly discredits, a claimant's testimony of disabling pain. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). The Court believes the ALJ adequately evaluated the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and concludes there is substantial evidence supporting the ALJ's determination that Plaintiff's complaints were not fully credible.

While Plaintiff was prescribed Lexapro by Northwest Arkansas Free Clinic "for nerves" and testified at the administrative hearing that it helped him "associate with other people," he was not diagnosed with any mental disorder or impairment by a physician. (Tr. 211). The medical evidence indicates Plaintiff had not sought frequent treatment for any nonexertional impairments. Furthermore, if a nonexertional impairment is treatable with prescription medication, a disability

(Rev. 8/82)

will not be found. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (impairments amenable to treatment not disabling).

While obesity can impose a significant work-related limitation, substantial evidence supports the ALJ's rejection of Plaintiff's claim. Plaintiff's medical records scarcely indicate that a physician ever placed physical limitations on his ability to perform work-related functions because of obesity. See Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004). Dr. Byron Garibaldi noted that Plaintiff was morbidly obese in October of 2007. (Tr. 194). Dr. Conover diagnosed Plaintiff as obese in his 2007 evaluation and noted mild limitations in his ability to walk, sit, stand and carry. (Tr 178). Northwest Arkansas Free Clinic noted that Plaintiff was obese. (Tr. 211). However, nothing in the record suggested his obesity significantly affected any work-related functions.

Plaintiff's failure to testify at the hearing before the ALJ about any work-related limitations caused by his obesity further undermines his claim. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003). At the July 2008 administrative hearing, the Plaintiff testified that the additional weight he had gained "probably" put an additional strain on his ankles. (Tr. 46). Plaintiff also testified that, in his current employment, he sometimes stood for eight hours a day. (Tr. 45). After being asked by his counsel several times, Plaintiff also testified that he could return to working in a turkey factory for eight hours a day, five days a week if he had to. (Tr. 47-48).

Plaintiff's subjective complaints are also inconsistent with evidence regarding his daily activities. At the administrative hearing in July of 2008, Plaintiff reported he was being tutored in the evenings four days a week. See Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006)

(ALJ properly considered that claimant had attended college classes during the relevant period of time). The record indicated that Plaintiff drove a vehicle himself, and was even able to secure a full time position working on road construction for the City of Fayetteville. (Tr. 166). Plaintiff was still working in this position at the time of the hearing. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

Therefore, although it is clear that Plaintiff has some limitations, he has not established that he is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993) (holding that, although Plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning his daily activities support Plaintiff's contention of total disability. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

## B.   RFC Assessment:

It is well settled that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000). The United States Court of Appeals for the Eighth Circuit has also stated that a "claimant's residual functional capacity is a medical question," Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000), and thus, "some medical evidence," Dykes v. Apfel, 223 F.3d 865, 867 (8th

AO72A
(Rev. 8/82)

Cir. 2000) (per curiam ), must support the determination of the Plaintiff's RFC, and the ALJ should obtain medical evidence that addresses the claimant's "ability to function in the workplace." Nevland v. Apfel, 2 04 F.3d 853, 858 (8th Cir. 2000). Therefore, in evaluating the Plaintiff's RFC, see 20 C.F.R. § 404.154599(c), while not limited to considering medical evidence, an ALJ is required to consider at least some supporting evidence from a professional. Cf. Nevland v. Apfel, 204 F.3d at 858; Ford v. Secretary of Health and Human Servs., 662 F. Supp. 954, 955, 956 (W.D. Ark. 1987) (RFC was "medical question,"and medical evidence was required to establish how claimant's heart attacks affected his RFC).

In finding Plaintiff able to perform light work with certain limitations, the ALJ considered Plaintiff's subjective complaints, the medical records of his treating physicians, and the evaluations of non-examining medical examiners. When considering the sources mentioned above, the Court finds substantial evidence supports the ALJ's RFC determination.

### C. **Hypothetical Question:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's interrogatory responses constituted substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing other work as a bar attendant, an assembler in production and as a cashier. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### V. Conclusion:

Based on the foregoing, the Court recommends affirming the ALJ's decision and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of July 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)